JULIUS ANDRAE & SONS COMPANY, Appellant, v.
GARRETTE W. PECK, Respondent.

Kansas City Court of Appeals, January 19, 1914.

ATTACHMENTS: Partnership: Goods Sold and Delivered: Notice.
    When a partnership is dissolved and one of the partners
    retired from the business, it is not enough that he gives formal
    notice of the dissolution and his retirement in order to release
    him from responsibility for merchandise on hand, but he must
    obtain the consent of the creditor to his release from the
    obligation the partnership assumed as agent of the plaintiff.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,*
Judge.

REVERSED AND REMANDED.

*Walker & Walker* for appellant.

*N. T. Gentry* for respondent.

JOHNSON, J.—Plaintiff, a corporation doing
business in Milwaukee, Wis., commenced suit by attach-
ment in the circuit court of Boone county against Gar-
rette W. Peck and Thos. A. Clifford, as partners, upon
two demands pleaded in separate counts. The first was
an account for goods sold and delivered by plaintiff to
the partnership upon which plaintiff alleged there was
due from defendants the sum of $235.96, and the second
was an alleged indebtedness of $328.86 defendants had
incurred to plaintiff from the sale of certain merchan-
dise they held on consignment. Before the cause was
submitted to the jury plaintiff dismissed Clifford and
the action proceeded against the remaining defend-
ant who before trial filed a written offer of judgment in
which he consented that a judgment might be rendered
against him on both counts for $250 and the accrued
costs. At the trial defendant contended that his indebt-
edness to plaintiff on the first count did not exceed
$86.30 and on the second, $130.37. Plaintiff's evidence
showed that the debt on the first count was $105.59 and
on the second, $295.91.

The jury decided this issue in favor of defendant
and returned a verdict for plaintiff in accordance with
the evidence of defendant. Judgment was rendered on
the verdict and since the amount of plaintiff's recovery
was less than that stated in the offer of judgment, the
costs made after the filing of the offer were taxed
against plaintiff. After its motion for a new trial was
overruled plaintiff brought the case here by appeal.

Counsel for defendant argues that the questions
presented by plaintiff in its brief cannot be considered

for the reason that the proof shows indisputably that the action is not prosecuted by the real party in interest as required by section 1729, Revised Statutes 1909. We do not share this view of the evidence. It appears that plaintiff was an agent—we infer a distributing agent— for the General Electric Company of New York, a manufacturer of electric lamps. This company had a branch establishment at Chicago conducted in the name of Bryan-Marsh Electric Works, and through the agency of the branch office, entered into consignment contracts with western retail dealers in that kind of merchandise. In March, 1912, a contract in writing was entered into between the Central Electric Company and Peck & Clifford, the defendants, by which they were appointed the agents of the company at Columbia for a period of one year and the company agreed to keep them supplied with specified quantities of its goods which they were to sell on commission. The goods which gave rise to the present controversy were shipped by plaintiff to Peck and Clifford pursuant to that contract but were billed out in the name of plaintiff and the indebtedness that subsequently accrued in consequence of such shipments was entered and treated by all the parties in interest as an indebtedness to plaintiff.

This course of dealing was authorized by the contract which provided that "until further notice in writing from the manufacturer (the General Electric Company), J. Andrae & Sons Co., of Milwaukee, is authorized to act for and in the place of the manufacturer under this appointment." In other words the contract provided and the business was conducted on the theory that plaintiff was not a mere intermediary between the manufacturer and the retailer but was substituted for the manufacturer as the principal in the contract. In this view of the relationship established by the contract and observed by the parties in their subsequent

dealings, we must hold that plaintiff is the real party in interest and that there is no variance between the pleaded and proved causes.

The partnership of Peck and Clifford was dissolved November 4, 1912, when Peck sold his interest in the business to Clifford and retired. No goods were shipped after that to Clifford but those the firm had on hand at the time of the dissolution were turned over to him by Peck and he continued to make sales from them until February of the following year when the remainder was shipped back to plaintiff. The real matter in dispute is whether or not plaintiff is entitled to recover the proceeds (less the commission) Clifford realized and kept from sales made after the retirement of Peck. Defendant testified that he gave immediate notice of the dissolution to plaintiff and in the instructions to the jury the court, in effect, expressed the view that such notice would absolve the retiring partner from liability for the subsequent acts of the surviving partner in relation to the goods then held on consignment. We regard this as an erroneous view of the law which controls the disposition of this case. The dissolution of the partnership and notice thereof to plaintiff, if such were given, had the effect of terminating the mutual agency that existed between the partners, and Clifford no longer had the power to bind Peck by contracts he might assume to make in the partnership name, but Peck by retiring did not become released from obligations he had already incurred as a partner. In common with Clifford he had received goods as an agent or factor of plaintiff and had incurred an obligation to his principal to answer for the property intrusted to him. He could not shake off such obligation without the consent of his principal and the burden is on him to show not only that he gave timely notice of the dissolution but that plaintiff, either expressly or impliedly, consented to release him from his obligation to account for the goods then on hand and unsold.

There is no evidence in the record to support a reasonable inference that such consent was given. If defendant sent notice of his retirement to plaintiff he received no response and we fail to find any act of plaintiff from which it might be inferred that plaintiff knew defendant had retired, had turned over the consigned goods to Clifford and regarded himself as no longer responsible for them and with such knowledge dealt with Clifford as its sole agent. Nothing short of such conduct would amount to an implied consent to release the retiring partner. On December 27, 1912, almost two months after Clifford was left in sole charge of the property and had been making sales from it, defendant, so he states, had a conversation over the telephone with plaintiff's traveling salesman in which he told the salesman that plaintiff "could take the lamps whenever he cared to." We quote further from his testimony: "That was nearly two months after you had retired from the firm? A. Yes, sir. Q. What effort had you made and what notice had you given to Julius Andrae prior to that time that you wanted them to take back these goods that had been consigned to Peck and Clifford? A. I was not supposed to make any effort. I wrote them a letter saying that I had dissolved and that Clifford had taken over my part of the business."

Thus it clearly appears that defendant acted on the erroneous supposition that all the law required him to do in order to escape responsibility for the goods on hand was to give formal notice of the dissolution and of his retirement and that he was not required to obtain the consent of plaintiff to his release from the obligation he had assumed as the agent of plaintiff. The court erred in giving the instructions asked by defendant and in refusing plaintiff's third instruction which properly declared the law. The judgment is reversed and the cause remanded. All concur.